ORIGINAL

FILED
JUL 9 2008
U.S. COURT OF FEDERAL CLAIMS

**UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | | |
|---|---|---|
| Deloitte Consulting LLP, Plaintiff, | ) | Case No. 08-492 C |
| v. | ) | Judge ____________ |
| The United States, Defendant. | ) | |

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Deloitte Consulting LLP ("Deloitte") respectfully moves this Court for an Order granting its Motion for Preliminary Injunction reinstating the "automatic stay" pursuant to 31 U.S.C. § 3553 and enjoining, until further order of Court, any and all further actions in furtherance of performance Contract No. DOLJ089427467 (the "Contract") awarded to Global Computer Enterprises, Inc. ("GCE"), by the U.S. Department of Labor ("DOL") under Solicitation (RFP) No. DOL089RP20497 (the "RFP" or "Solicitation").

Preliminary injunctive relief is required because otherwise, the DOL and GCE will continue performance of the Contract, thus depriving Deloitte of any meaningful prospect of relief even if Deloitte should win its Bid Protest in the U.S. Government Accountability Office ("GAO"). Neither the United States nor GCE will be harmed by such relief in that performance of work under the Contract is required to be stayed in accordance with 31 U.S.C. § 3553(d)(3) and 48 C.F.R. § 33.104(c)(1) pursuant to a Bid Protest previously filed with GAO on June 30, 2008, docketed as B- B-400319.1.

As set out in greater detail in Deloitte's Memorandum in Support of its Application for Temporary Restraining Order and Motion for Preliminary Injunction, filed concurrently, Deloitte

has a likelihood of success on the merits because DOL has acted arbitrarily and capriciously, contrary to applicable law and regulation, and has abused its discretion in issuing a Findings and Determination document to proceed with the Contract notwithstanding Deloitte's GAO Bid Protest. Deloitte will suffer irreparable harm absent the requested injunctive relief because it will lose any meaningful prospect of relief if the Contract proceeds during the pendency of Deloitte's Bid Protest. Deloitte faces the prospect of irreparable harm and has no adequate remedy at law unless this Court intervenes. Lastly, issuance of a Preliminary Injunction is in the public interest because the public benefits by fair competition for Government contracts and by ensuring the conduct of procurements in accordance with applicable procurement laws and regulations.

In accordance with RCFC 65(c), Deloitte requests that the Court either forego any bond, or alternatively, require only a nominal cash deposit.

Pursuant to RCFC 65(a)(2), Deloitte suggests that the Court advance and consolidate the hearing on the merits with the hearing on Deloitte's Motion for a Preliminary Injunction.

WHEREFORE, Deloitte requests that the Court issue a Preliminary Injunction requiring that DOL reinstate the automatic stay required by 31 U.S.C. § 3553 and cease performance of the Contract pending the Court's final decision in this matter.

Respectfully submitted,

Dated: July 8, 2008

William W. Goodrich, Jr.
Arent Fox LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
202.857.6094 (Direct)
202.857.6395 (FAX)
goodrich.bill@arentfox.com

Attorney of Record for Plaintiff
Deloitte Consulting LLP

Of Counsel:

Richard J. Webber
Lisa K. Miller
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
202.857.6000
202.857.6395 (FAX)