**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Bid Protest

| | | |
|---|---|---|
| DELOITTE CONSULTING LLP, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-492C |
| | ) | (Judge Wheeler) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF**
**GLOBAL COMPUTER ENTERPRISES, INC.'S MOTION TO INTERVENE**

Pursuant to Rule 24 of the Rules of this Court, Global Computer Enterprises, Inc. ("GCE") hereby moves to intervene in this case.

## STATEMENT OF FACTS

GCE is a government contractor focused on the provision of support services to federal agencies' financial management systems. On June 25, 2008, GCE was awarded contract number DOL089RP20497 by the Department of Labor. Under this contract, GCE will provide the Department with a financial management system to replace its aging "DOLAR$" system. *See* Complaint, dkt. no. 1, Exhibits A, D. On June 30, 2008, Deloitte Consulting LLP filed protest number B-400319.1 with the Government Accountability Office ("GAO"), challenging the award to GCE and the evaluation process performed by the Department. *See* Complaint ¶ 22. Pursuant to 31 U.S.C. § 3553(d)'s automatic stay provision, the protest prevented the Department from proceeding with performance under the contract while the protest was pending. On July 3, 2008, the Department issued a written determination pursuant to 31 U.S.C. §

3553(d)(3)(C)(i), authorizing a lifting of the stay and thus allowing performance of the contract to proceed during the protest. *See* Complaint, Exhibit A. Deloitte has filed this action to request that the Court reinstate the stay and enjoin performance of the contract pending resolution of its GAO protest. *See* Complaint ¶¶ 36-38.

## ARGUMENT

GCE is entitled to intervene in this case pursuant to Rule 24, both as a matter of right under Rule 24(a) and through permissive intervention under Rule 24(b).

### A. GCE is Entitled to Intervene as a Matter of Right Under Rule 24(a).

Rule 24(a) states as follows:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

GCE meets all of these requirements.

As an initial matter, GCE's application is clearly timely—filed on the same day as Deloitte initiated the action in this case.

GCE has "an interest relating to the property or transaction which is the subject of the action." As the awardee of the contract being protested, GCE has a substantial economic interest in the outcome of this litigation.

Further, GCE's ability to protect that interest will be "impair[ed] or impede[d]" if GCE is not allowed to intervene. If the statutory stay is reinstated and contract performance is enjoined pending resolution of the protest, GCE will be unable to proceed with performance of the

contract. As stated in the Department's determination, implementation of the new financial management system must "be completed by October 1, 2009, consistent with financial management best practices to implement core financial accounting systems at the beginning of a financial reporting year. Otherwise, transactional processing and reporting is the result of two systems, which increases the amount of work, complexity and the associated cost of preparing and auditing quarterly and annual financial statements." Complaint, dkt. no. 1, Exhibit A. "Missing this date would mean at least a one-year delay in implementing the system." *Id.* The outcome of the litigation in this Court could therefore significantly affect the fate of the project, and indeed threatens, if the stay is re-instated, to endanger its eventual success. Finally, GCE's interests are not "adequately represented by the existing parties." Although GCE and the Department are both parties to the contract being protested by Deloitte, and thus GCE's interests as a commercial contracting entity and the Department's interests as the customer on the contract overlap to some extent, their interests are sufficiently different to permit GCE to intervene, as the burden on a party seeking to intervene is "minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.") (citing 3B J. Moore, Federal Practice 24.09-1(4) (1969)); *Fund for Animals v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) (collecting cases and noting that "we have often concluded that governmental entities do not adequately represent the interests of aspiring intervenors," and that "although there may be a partial congruence of interests, that does not guarantee the adequacy of representation. … [T]he tactical similarity of the present legal contentions of the parties does not assure adequacy of representation or necessarily preclude the intervenor from the opportunity to appear in its own behalf.") (internal

quotations, citations, ellipses, and brackets omitted); *Natural Res. Def. Council v. U.S. E.P.A.*, 99 F.R.D. 607, 610 n.5 (D.D.C. 1983) (noting that a government agency is only presumed to represent another party's interest adequately when the agency is charged by law with representing that interest).

**B. In the Alternative, GCE's Intervention is Proper Under Rule 24(b).**

GCE's intervention is also proper under Rule 24(b), which provides for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." RCFC Rule 24(b). Rule 24(b) states that "in exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* Here, GCE's opposition to Deloitte's application for a temporary restraining order and preliminary injunction and other claims and defenses, though distinct from the Department's responses, will likely have substantial factual and legal overlap with them. GCE is prepared to participate as a Defendant on the same schedule for briefing and other proceedings in the matter as the Department. Counsel for both Deloitte and for the Department have indicated that they do not oppose GCE's motion to intervene. There will be thus no delay and no prejudice from GCE's participation. Permissive intervention under Rule 24(b) is proper.

## CONCLUSION

For the foregoing reasons, GCE's motion to intervene should be granted.

Respectfully submitted,

s/ Jonathan J. Frankel
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave, NW
Washington, D.C. 20006
(202) 663-6113 (tel.)
(202) 663-6363 (fax)

Counsel of Record for
Global Computer Enterprises, Inc.

Of Counsel
John P. Janecek
Ariel B. Waldman
Timothy R. Schnabel
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave, NW
Washington, D.C. 20006
(202) 663-6000 (tel.)
(202) 663-6363 (fax)

Dated: July 9, 2008

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Bid Protest

| | | |
|---|---|---|
| DELOITTE CONSULTING LLP | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-492C |
| | ) | (Judge Wheeler) |
| UNITED STATES, | ) | |
| Defendant | ) | |

**ORDER**

This matter having come before the Court on Global Computer Enterprises, Inc. ("GCE")'s motion to intervene, it is this __ day of July, 2008, hereby

ORDERED, that GCE's motion to intervene is GRANTED. GCE shall be added as a Defendant to this case.

______________________________
The Honorable Thomas C. Wheeler