**UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | | |
|---|---|---|
| Deloitte Consulting LLP,<br><br>Plaintiff,<br><br>v.<br><br>The United States,<br><br>Defendant,<br><br><br>Global Computer Enterprises, Inc.,<br><br>Defendant-Intervenor | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08-492C<br><br>Judge Wheeler |

**SUPPLEMENTAL MEMORANDUM**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR A**
**TEMPORARY RESTRAING ORDER AND A PRELIMINARY INJUNCTION**

## I. DELOITTE IS AN INTERESTED PARTY.

Deloitte agrees that a plaintiff must be an "interested party" under 28 U.S.C. § 1491(b)(1) in order for this Court's subject matter jurisdiction to attach. Deloitte is an interested party here because (i) it submitted an actual proposal in response to the RFP, (ii) DOL excluded Deloitte from the competitive range and awarded the Contact to Deloitte's competitor, (iii) Deloitte filed a Bid Protest, and finally, (iv) Deloitte's protest contentions in the GAO are such that if Deloitte prevails, it will be reinstated in the competition for renewed negotiations and could thereafter win the Contract. *See* Verified Complaint ¶¶ 7, 20-23.

In *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324 (Fed. Cir. 2001), the Federal Circuit recognized that where the Government would be obligated to rebid the contract should the underlying Bid Protest be sustained, the plaintiff "has a 'substantial chance' of receiving the award and an economic interest and has standing to challenge the

award." *Id.* at 1334. That is exactly our point. Having challenged DOL's competitive process and seeking reinstatement in the competitive range and a chance for a fair evaluation, Deloitte is an interested party as a matter of law.

The Federal Circuit's decision in *Impresa Construzioni Geom.* followed a long line of GAO decisions holding that interested party status exists in cases like this because, if the protest is sustained, the Protester must be reinstated in the competition and will have the opportunity to revise its proposal or to have its proposal reevaluated. *See, e.g., Computer Literacy World, Inc.*, B-299744, Aug. 6, 2007, 2007 CPD ¶ 154 at 12 n.11 (protester was an interested party despite having "the lowest ratings of all six vendors under the non-price factors" because, if the protest were sustained the protester at a minimum "would be in a position to either submit a revised proposal or possibly receive higher technical ratings"); *Hughes Space & Commc'ns Co.*, B-266225, Apr. 15, 1996, 96-1 CPD ¶ 199 at 24 (protester was an interested party to challenge exclusion from competitive range because, if its protest were sustained, "the normal remedy would be to require the agency to restore the proposal to the competitive range; hold discussions with all remaining competitive range offerors, if necessary; and request new [Best and Final Offers]"); *Meridian Mgmt. Corp.*, B-271557, July 29, 1996, 96-2 CPD ¶ 64 at 3-4 (finding protester to be an "interested party" because the remedy could include granting the protester an opportunity to compete on revised specifications); *Veco/Western Alaska Constr.*, B-243978, Sept. 9, 1991, 91-2 CPD ¶ 228 at 4 (protester was an interested party where "the remedy would be to request another round of BAFOs").

Here, there is no dispute that Deloitte submitted a proposal in response to Solicitation (RFP) No. DOLJ089427567 (the "Solicitation" or the "RFP") or that DOL excluded Deloitte from the competitive range after discussions and proposal revisions. Defendants do not dispute

that, as a result, Deloitte filed a Bid Protest in the U.S. Government Accountability Office ("GAO") or that the stay initially prohibited DOL from proceeding. Thus the issue raised by our opponents is whether this Court nevertheless lacks subject matter jurisdiction to review the override decision because Deloitte allegedly does not have a substantial chance of winning the Contract even if its Bid Protest is sustained.

Aside from this argument's problems of being contrary to the precedent summarized above, in order to entertain Defendants' position this Court would have to evaluate the underlying GAO Bid Protest and decide ahead of the GAO that Deloitte's protest has no merit. Doing so would have the illogical effect of asking the Court to pre-decide the GAO protest when the object of the action is only to preserve the status quo. In no stay override case that we have found has this Court delved into the merits of the underlying GAO protest in order to decide whether it has jurisdiction to preserve the status quo while GAO also decides the merits of the protest.

On different facts this Court rejected a stay override challenge based upon a finding that the plaintiff was not an "interested party" in *Sierra Military Health Services, Inc. v. United States*, 58 Fed. Cl. 573 (2003). The Court did so only because the plaintiff seeking the automatic stay had not even submitted an offer on two of three contracts it wished to stay. *Id.* at 577-79. There the Court simply followed Federal Circuit precedent holding that only actual bidders have interested party status under 28 U.S.C. § 1491(b)(1). *Id.* at 577 (citing *Am. Fed'n of Gov't Employees v. United States*, 258 F.3d 1294, 1302 (Fed. Cir. 2001). Here however, Deloitte is an actual offeror.

Judge Allegra rejected an argument similar to Defendants' in *Reilly's Wholesale Produce v. United States*, 73 Fed. Cl. 705 (2006), *appeal dismissed*, No. 2007-5114, 2008 WL 1777425

(Fed. Cir. Apr. 10, 2008). In that case two offerors, Philadelphia Produce Market Wholesalers and Reilly's, each filed protests against a contract award by the Defense Commissary Agency ("DeCA"). GAO dismissed the plaintiff's protest, finding that Reilly's was not an interested party. *Id.* at 708. When DeCA then awarded the plaintiff's competitor an "interim contract" to obtain the needed services while GAO considered the original protest filed by Philadelphia Produce, Reilly's filed a second protest challenging the interim contract. A day later DeCA overrode the automatic stay. *Id.* at 707. In rejecting the Government's standing argument, Judge Allegra stated: "[T]he court does not believe that the dismissal of plaintiff's protest as to the first contract renders it not an 'interested party' for purposes of review in this court, particularly as its protest to the interim contract remains pending." *Id.* at 717 n.16.

In addressing (and ultimately overturning) the override determination in *Reilly's*, Judge Allegra did not go into the merits of the underlying protest. Rather, the Court was satisfied that the filing of the protest itself conferred interested party status in a stay override case, at least in a situation where the plaintiff is an actual offeror.

This Court should require no more here. Where an actual offeror has filed a GAO protest that, if sustained, would restore it to the competition in a best value source selection and the offeror then challenges an override determination in this Court, the plaintiff is an interested party for purposes of 28 U.S.C. § 1491(b)(1).

## II. BOTH DOL AND THIS COURT MUST CONSIDER ALL FOUR "RELEVANT FACTORS" IN THE CASE OF AN OVERRIDE OF THE AUTOMATIC STAY.

Defendants have raised the question whether DOL, and in turn this Court, must consider all four "relevant factors" listed in the Court's prior decisions in the case of a stay override based on "best interests of the United States." As argued at pages 10-11 of our Memorandum in Support of Plaintiff's Application for a Temporary Restraining Order and Motion for Preliminary

Injunction, this Court has held that all four relevant factors must indeed be considered. We need not repeat the argument or the case citations here.

Judge Williams' decision in *CIGNA Government Services, LLC v. United States*, 70 Fed. Cl. 100 (2006) is a case where the relevant factors were consulted after a "best interests of the United States" override. Judge Williams disapproved the override determination there because the agency failed totally to consider "the risks to the Medicare contracts in the event GAO should sustain the protest," "the costs associated with undoing the transition work if GAO orders a recompetition" and "costs of terminating the new contracts and potentially retransitioning different contractors." 70 Fed. Cl. at 101. Judge Williams also found that the HHS override had ignored "the statutory mandates for competition" and "the adverse impact on competition that the override could effect." *Id.* at 102. Judge Williams' decision makes sense.

Here the override Findings and Determination document "reflects no consideration of the confusion and cost involved if [the awardee GCE] continues performance but the GAO . . . sustain[s] [Deloitte's] protest." *Chapman Law Firm Co. v. United States*, 62 Fed. Cl. 464, 468 (2004) (assessing Factor 3 in case involving override based on both urgent and compelling circumstances and best interests of the United States). Like *Advanced Systems Development, Inc. v. United States*, 72 Fed. Cl. 25 (2006), another "best interests" override case, DOL's position here is that "the stay will not allow the agency to eliminate the needless and expensive duplication of IT systems as quickly as it wishes. The D & F cites no specialized and unique consequences of delay beyond this generic desire to get on with the procurement." *Id.* at 31. "Nor does the override determination compare the perceived disadvantages of recognizing the stay to the potential disadvantages that might result if [Deloitte] prevails in its protest." *Id.* at 32. DOL's "rationale simply extols the virtues of proceeding with the new contract an ensuring a

smooth transition, while ignoring the possibility that the protest may have merit." *Id.* Such an approach is "shortsighted," arbitrary and capricious. *Id.*

There is reason to require procuring agencies to consider all four relevant factors. As recognized by Judge Allegra in *PGBA, LLC v. United States*, 57 Fed. Cl. 655 (2003), "the statute does not allow the agency to override the stay when it is in the bests (sic) interests of [the procuring] agency or the agency's contracting officials. Rather, the best interests of the 'United States' must be involved and those interests necessarily include weighing the benefits Congress obviously felt were furthered by bolstering the bid protest process and, in turn, promoting competition in contracting." *Id.* at 663.

**CONCLUSION**

For these reasons and for the reasons set forth in our Memorandum in Support of Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction, this Court should award Deloitte a Temporary Restraining Order reinstating the automatic stay as Congress intended.

Respectfully submitted,

Dated: July 14, 2008

/s/ William W. Goodrich, Jr.

William W. Goodrich, Jr.
Arent Fox LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
202.857.6094 (Direct)
202.857.6395 (FAX)
goodrich.bill@arentfox.com

Attorney of Record for Plaintiff
Deloitte Consulting LLP

Of Counsel:

Richard J. Webber
Lisa K. Miller
Arent Fox LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Tel: 202-857-6000
Fax: 202-857-6395

CERTIFICATE OF SERVICE

I, William W. Goodrich, Jr., hereby certify that this 14th day of July 2008, a true and correct copy of the foregoing was served electronically (via CM/ECF) upon the following counsel:

Sean McNamara
Trial Attorney
U.S. Department of Justice
National Courts Section
Commercial Litigation Branch
Civil Division
1100 L Street, N.W. – Room 12006
Washington, D.C. 20530
*Counsel for Defendant*

and

Jonathan J. Frankel, Esq.
Timothy R. Schnabel, Esq.
WilmerHale
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
*Counsel for Defendant-Intervenor*
*Global Computer Enterprises, Inc.*

/s/ William W. Goodrich, Jr.

William W. Goodrich, Jr.